# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| SANDY GIACOLETTY VAQUEDANO, KEVIN JIMENEZ RODAS, DANIELA GARCIA SOTO, GRACIELA CANDELAS FLOREANO, ANA GONZALEZ MARTINEZ, MARIA HILDA HUERTA, SARA MARTINEZ HUERTA, WILFREDO LINARES ORTIZ<br><br>*Plaintiffs*<br><br>v.<br><br>ALEJANDRO MAYORKAS, *Secretary of Homeland Security*, MERRICK GARLAND, *Attorney General of the United States and head of the United States Department of Justice,* UR JADDOU, *Director of United States Citizenship and Immigration Services,* LAURA ZUCHOWSKI, *Director of United States Citizenship and Immigration Services Vermont Service Center*, LOREN MILLER, *Director of United States Citizenship and Immigration Services, Nebraska Service Center, and* CONNIE NOLAN, *Director of United States Citizenship and Immigration Services Service Center Operations*,<br><br>*Defendants* | CIVIL ACTION NO. 24-cv-00392 |

### PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT, MANDAMUS, AND INJUNCTIVE RELIEF PURSUANT TO 5 U.S.C. § 701 *et seq*. (ADMINISTRATIVE PROCEDURES ACT)

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT SITTING IN THE WESTERN DISTRICT OF TEXAS:

   Plaintiffs Sandy Giacoletty Vaquedano, Kevin Jimenez Rodas, Daniela Garcia

Soto, Graciela Candelas Floreano, Ana Gonzalez Martinez, Maria Hilda Huerta, Sara

Martinez Huerta, and Wilfredo Linares Ortiz ("Plaintiffs"), request that this Court:

1) Declare that Defendants have a duty to issue them Bona Fide Determinations of their U nonimmigrant status (a.k.a. "U visa") petitions per 8 U.S.C. § 1184(p)(6) OR place them on the U nonimmigrant status wait list and grant them deferred action in compliance with 8 C.F.R. § 214.14(d)(2);

2) Order the Defendants to provide Plaintiffs with employment authorization documents pursuant to 8 C.F.R. § 274.12(c)(14), 8 C.F.R. § 274.12(a)(19) or 8 C.F.R. § 274.12(a)(20);

3) Award Plaintiffs reasonable attorney fees and costs for this litigation pursuant to 28 U.S.C. § 2412; and

4) Award all other relief to Plaintiffs that this Court deems just, equitable, and proper.

Plaintiffs request a jury trial.

In support of these requests, Plaintiffs specifically allege the following:

## I. INTRODUCTION

1. This is an action for declaratory, mandamus and injunctive relief.

2. The Plaintiffs are all survivors of crimes who have assisted law enforcement in the investigation and/or prosecution of the crimes committed against them, who remain available to assist further if required, and who have suffered substantial abuse as the result of the crimes against them. Specifically:

    a. Sandy Giacoletty Vaquedano cooperated with the El Paso Police Department in the investigation of sexual assault of a child. Plaintiff Kevin Jimenez Rodas

   is her dependent spouse;

   b. Daniela Garcia Soto cooperated with the Travis County Sherriff's Office in the investigation of felonious assault;

   c. Graciela Candelas Floreanos cooperated with the Travis County Attorney's Office in the investigation and prosecution of domestic violence;

   d. Ana Gonzalez Martinez cooperated with the Travis County District Attorney's Office in the investigation and prosecution of Continuous Sexual Abuse of a Child and Indecency with a Child;

   e. Maria Hilda Huerta cooperated with Travis County Sherriff's office in reporting sexual assault of a child. Sara Martinez Huerta is her dependent child;

   f. Wilfredo Linares cooperated with Travis County District Attorney's office in prosecuting Domestic Violence;

3. Plaintiffs all submitted petitions for U nonimmigrant status between June of 2021 and February of 2022.

   *a.* Plaintiff Giacoletty Vaquedano submitted her own petition and that of her dependent spouse, Plaintiff Jimenez Rodas, in June of 2021;

   *b.* Plaintiff Garcia Soto submitted her petition in February of 2022;

   *c.* Plaintiff Candelas Floreano submitted her petition in July of 2021;

   d. Plaintiff ;

   e. Plaintiff Ana Gonzalez Martinez submitted her petition in July of 2021;

   f. Plaintiff Huerta submitted her petition, and that of her dependent child, Sara Martinez Huerta, in January of 2022;

   g. Plaintiff Linares Ortiz submitted his petition in January of 2022;

Plaintiffs meet with all statutory and regulatory requirements for U visa nonimmigrant status, and merit determinations by Defendants that their petitions are bona fide;

4. Plaintiffs have also filed applications for Employment Authorization Documents (EADs) pursuant to 8 CFR 274.12 (c)(14), which may be granted when Plaintiffs are granted "Deferred Action." Defendants may grant "Deferred Action" either when Plaintiffs' petitions are reviewed by defendants for completeness and are determined to be "bona fide" pursuant to 8 U.S.C. § 1184(p)(6) or when Plaintiff's petitions are preliminarily approved, and their cases are placed on a waitlist until visas become available;

5. To date, Defendants have taken no action to adjudicate any of Plaintiffs' applications for either a Bona Fide Determination or for waitlist placement, in violation of Plaintiff's statutory rights to have their applications and petitions reviewed within a reasonable time;

6. Plaintiffs now seek an order compelling Defendant United States Citizenship and Immigration Services ("USCIS") to review their petitions and applications, and accordingly, accord Plaintiffs Deferred Action via either a Bona Fide Determination pursuant to 8 U.S.C. § 1184(p)(6) or placement of Plaintiffs on the U visa wait list pursuant to 8 CFR §214.14(d)(2);

7. Plaintiffs also seek an order compelling USCIS and other Defendants to adjudicate Plaintiffs' applications for Employment Authorization Documents ("EADs") pursuant to 8 CFR 274.12 (c)(14) and 8 USC §1184(p)(6).

## II.     STANDING

8. Plaintiffs have all filed petitions for U Nonimmigrant Status, as well as applications for Employment Authorization Documents (EADs), with Defendants;

9. Defendants received complete and bona fide U Nonimmigrant Status Petitions and

Applications for Employment Authorization Document (EADs) from Plaintiffs and their dependents between June of 2021 and February of 2022;

10. Plaintiffs' applications have yet to be adjudicated. Plaintiffs to date have not been contacted about their cases except to perhaps be notified of receipt of the petitions by Defendants and transfers of petitions from one of Defendant USCIS's offices to another. To date, the Defendants have taken no action on the Plaintiffs' petitions and have offered no excuse for their unreasonable delay;

11. The Defendants have caused Plaintiffs to suffer injury in fact and have harmed Plaintiffs' legally protected interest that is 1) concrete and particularized and 2) actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Plaintiffs have been denied the rightful adjudication of their bona fide U visa petitions and EAD applications, which hinders their ability to legally work, obtain social security numbers and driver's licenses, demonstrate to others that they are lawfully present in the United States, and avoid potential detention and removal by Defendants, and potential arrest and prosecution by state and local authorities;

12. Plaintiff's actual, concrete, and particular injuries are directly tied to the Defendants' failure to timely adjudicate their EAD applications and their failure to timely issue Plaintiffs Deferred Action by determining that their petitions and applications are bona fide, or by placing Plaintiffs' cases on the U Visa waitlist.

13. Plaintiffs therefore have standing.

### III.   SUBJECT MATTER JURISDICTION

14. Plaintiffs are seeking relief under the Administrative Procedures Act (APA) which provides a cause of action and judicial review for a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant

statute," 5 U.S.C. § 702, and further authorizes a federal court to "compel agency action unlawfully held or unreasonably delayed." *Id.* § 706(1).

15. Plaintiffs are also seeking mandamus, over which the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1361, which states that "district courts shall have original jurisdiction of any action in the nature of mandamus."

16. Plaintiffs are seeking relief based on federal questions raised under the Immigration and Nationality Act, ("INA"), for which this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The INA is a law of the United States.

17. Finally, this court has subject matter jurisdiction to grant declaratory relief sought by Plaintiff pursuant to 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

## IV.   VENUE

18. The Plaintiffs all reside within the bounds of the Western District of Texas.

19. Each Defendant is an officer or employee of the United States.

20. The Western District of Texas is proper venue under 28 U.S.C. § 1391(e), which provides that venue may be brought in any judicial district which a plaintiff resides if no real property is involved, when an action involves a defendant who is an officer or employee of the United States. No real property is the subject of this suit.

## V.   PARTIES

21. Plaintiffs file this complaint jointly pursuant to Rule 20 of the Federal Rules of Civil Procedure, as they assert the same rights to relief and the same injuries with respect to the

Defendants' systematic actions (or inaction) regarding their U nonimmigrant status petitions, and the same questions of law and fact are raised for each plaintiff. Specifically:

    a. Plaintiff Sandy Giacoletty Vaquedano is a native and citizen of Honduras. She was the victim of sexual assault of a child, which is a qualifying crime for U nonimmigrant status pursuant to 8 USC §1101(a)(15)(U). Plaintiff Giacoletty Vaquedano fully cooperated with El Paso Police Department in the reporting, investigation, and prosecution of the crime. She received a signed law enforcement certification from the El Paso Police Department, which qualifies Plaintiff to apply for U nonimmigrant status. Ms. Giacoletty's petition, along with that of her dependent spouse, Plaintiff Kevin Jimenez Rodas, has been pending before Defendants for almost three years, since June of 2021;

    b. Plaintiff Daniela Garcia Soto is a native and citizen of Mexico. She was the victim of felonious assault, which is a qualifying crime for U nonimmigrant status pursuant to 8 USC §1101(a)(15)(U). Plaintiff Garcia Soto fully cooperated with the investigation conducted by Travis County Sherriff's Office. She received a signed law enforcement certification from the Travis County Sherriff's Office, which qualifies Plaintiff to apply for U nonimmigrant status. Ms. Garcia Soto's petition has been pending before Defendants for more than two years, since February of 2022;

    c. Plaintiff Graciela Candelas Floreano is a native and citizen of Mexico. She was the victim of domestic violence, which is a qualifying crime for U nonimmigrant status pursuant to 8 USC §1101(a)(15)(U). Plaintiff Candelas Floreano fully cooperated with the investigation and prosecution of this

crime. She received a signed law enforcement certification from the Travis County Attorney's Office, which qualifies Plaintiff to apply for U nonimmigrant status. Ms. Candelas Floreano's petition has been pending before Defendants for more than two years, since January of 2022;

d. Plaintiff Ana Gonzalez Martinez is a native and citizen of Mexico. She was the indirect victim of continued sexual assault of a child as the mother of the direct victims, which is a qualifying crime for U nonimmigrant status pursuant to 8 USC §1101(a)(15)(U). Plaintiff Gonzalez Martinez fully cooperated with the investigation and prosecution of this crime. She received a signed law enforcement certification from the Travis County District Attorney's Office, which qualifies Plaintiff to apply for U nonimmigrant status. Ms. Gonzalez Martinez's petition has been pending before Defendants for more than two years, since December of 2021;

e. Plaintiff Maria Hilda Huerta is a native and citizen of Mexico. She was the victim of sexual assault of her child. Sexual assault is a qualifying crime for U nonimmigrant status pursuant to 8 USC §1101(a)(15)(U). Plaintiff Maria Hilda Huerta reported the crime to the Travis County Sherriff's office, provided written statements and forensic interviews, and received a signed law enforcement certification from Travis County Sherriff's Office. Accordingly, Ms. Huerta is qualified to seek U nonimmigrant status. Her petition for U non-immigrant status, along with that of her dependent child, Plaintiff Sara Martinez Huerta, has been pending with Defendants for more than two years, since January of 2022;

f. Plaintiff Wilfredo Linares Ortiz is a native and citizen of Honduras. He was

      the victim of domestic violence, which is a qualifying crime for U nonimmigrant status pursuant to 8 USC §1101(a)(15)(U). Plaintiff Linares Ortiz fully cooperated with the investigation and prosecution conducted by Travis County District Attorney's Office. He received a signed law enforcement certification from the Travis County District Attorneys, which qualifies Plaintiff to apply for U nonimmigrant status. Mr. Linares Ortiz's petition has been pending before Defendants for more than two years, since January of 2022;

22. Defendant Alejandro Mayorkas is Secretary of the U.S. Department of Homeland Security (DHS)[1]. As such, he is the acting head of DHS and has ultimate responsibility for the administration and enforcement of the immigration laws. He is sued in his official capacity.

23. Defendant Merrick Garland is the Attorney General of the United States and the head of the U.S. Department of Justice, ("DOJ"). He shares responsibility for the administration and enforcement of the immigration laws. He is sued in his official capacity.

24. Defendant Ur Jaddou is the Director of United States Citizenship and Immigration Services, a sub-agency of DHS. In that capacity, she has direct authority over all USCIS policies, procedures, and practices relating to the processing and adjudication of petitions for U nonimmigrant status. She is sued in her official capacity.

25. Defendant Laura Zuchowski is the Director of the United States Citizenship and Immigration services Vermont Service Center, in St. Albans, Vermont. She exercises authority over

USCIS activities related to U nonimmigrant petitions. She is sued in her official capacity.

26. Defendant Loren Miller is the Director of the United States Citizenship and Immigration services Nebraska Service Center, in Lincoln, Nebraska. She exercises authority over USCIS activities related to U nonimmigrant petitions. She is sued in her official capacity.

27. Defendant Connie Nolan is the Director of United States Citizenship and Immigration Services Service Center Operations. As such, she exercises authority over USCIS operations concerning U nonimmigrant status petitions. She is sued in her official capacity.

## VI.   LEGAL FRAMEWORK

A. **The U Visa Program, INA § 101(a)(15)(U)**

28. According to the Department of Homeland Security, ("DHS"), Congress created the U non-immigrant status program out of recognition that victims without legal status may otherwise be reluctant to help or seek help in the investigation or prosecution of criminal activity due to fear of deportation. *See* "Department of Homeland Security, U and T Visa Law Enforcement Resource Guide for Federal, State, Local, Tribal and Territorial Law Enforcement, Prosecutors, Judges and Other Government Agencies" at 4*, Available at* [https://www.uscis.gov/sites/default/files/document/guides/U_Visa_Law_Enforcement_Resource_Guide.pdf](https://www.uscis.gov/sites/default/files/document/guides/U_Visa_Law_Enforcement_Resource_Guide.pdf).

29. Immigrants are particularly vulnerable to criminal activity like aggravated assault, human trafficking, domestic violence, sexual assault, stalking, and other crimes due to a variety of factors, including but not limited to: language barriers, separation from

family and friends, lack of familiarity with U.S. laws, fear of deportation, and cultural differences. *Id.* Accordingly, through the U visa program, Congress sought not only to prosecute perpetrators of crimes committed against immigrants but also to strengthen relations between law enforcement and immigrant communities. *Id.* Accordingly, the U visa program has allowed up to 10,000 principal applicants each year to receive a four-year visa under the program. *Id.* The principal applicants' qualifying family members may also receive status through this program, though the issuance of their visas does not count against the statutory cap. *Id.*

30. A particularly distinctive component of the U program is the requirement that an independent, third-party, law-enforcement authority provide a written and sworn certification about the crime and the U petitioner's "helpfulness" in an investigation or prosecution. *Id.* Every application must include this law enforcement certification which must be signed under penalty of perjury. *Id.* This certification requirement represents a substantial hurdle for anyone seeking U status, and according to DHS, "acts as a check against fraud and abuse." *Id.*

31. Congress recognized that regularizing immigration status would be ineffective for victims and survivors of abuse if they could not work to support themselves, therefore it required that U-status holders be granted work authorization. *See* 8 U.S.C. § 1184(p)(3)(B) (the Attorney General "shall, during the period [that individuals are in lawful U-status]," provide grantees with employment authorization.)

32. In 2007, USCIS had already recognized that the 10,000 per year statutory cap on issuance of U non-immigrant visas was going to result in long wait times for petitioners. Therefore, USCIS created regulatory a "Wait List" process in 2007 at 8 C.F.R. 214.14(d)(2). According to this regulation, which remains in effect, "[a]ll

eligible petitioners who, due solely to the [statutory 10,000 per year] cap, are not granted U nonimmigrant status must be placed on a waiting list and receive written notice of such placement." *Id.* While on the Wait List, USCIS "will grant deferred action or parole" to U visa petitioners and "in its discretion, may authorize employment for such petitioners and qualifying family members." *Id.*

33. In 2008, Congress also took action to provide relief to U visa petitioners facing long wait times when it amended the U-program provisions with the Trafficking Victims Protection Reauthorization Act of 2008.[2] The relevant provisions were enacted to provide swifter work authorization for all victims and survivors awaiting processing of their petitions for U non-immigrant status. ("TVPRA"), Pub. L. 110-457, 122 Stat. 5044 (codified in part at 8 U.S.C. § 1184(p)(6)).  As the 2008 bill's sponsors explained, U-visa applicants "*should not have to wait for up to a year* before they can support themselves and their families," adding that USCIS should strive to issue work authorization within 60 days of filing.  154 Cong. Rec. H10,888, 10,905 (Dec.10, 2008) (statement of Reps. Berman and Conyers, 2008 WL 5169865) (emphasis added).  The 2008 Amendments specifically authorized that the Secretary of Homeland Security "may grant work authorization to any [individual] who has a pending, bona fide application for [U] status." 8 U.S.C. § 1184(p)(6).

34. In June of 2021, approximately 13 years after Congress enacted 8 U.S.C. § 1184(p)(6), USCIS announced for the first time their intention to implement the statute.  *See* "National Engagement - U Visa and Bona Fide Determination Process - Frequently Asked Questions" *available at* https://www.uscis.gov/records/electronic-

---

[2] According to USCIS data, more than 212,000 principals' petitions remained pending at the end of FY2022.

reading-room/national-engagement-u-visa-and-bona-fide-determination-process-frequently-asked-questions. The publicly stated goal of the new "Bona Fide Determination Process" (BFD) was to "[conduct] initial reviews of U nonimmigrant status petitions more efficiently and [provide] eligible victims of qualifying crimes with employment authorization and deferred action while they await a final adjudication of their petition for U nonimmigrant status under the annual statutory cap." *Id.* [3]

35. Defendants' published information regarding the new BFD process indicates that all pending U visa petitions, as well as those filed in or after June of 2021, will be given a preliminary review for completeness and to confirm compliance with required biometric criminal background checks. *Id.* If those preliminary reviews indicate that the petition is properly filed and the petitioner and qualifying family members warrant favorable discretion, then a "Bona Fide Determination" notice will be sent to petitioners granting them deferred action, and if they have filed an application for employment authorization under the proper category, then U visa petitioners will also be issued an EAD. Any petitioner who does not qualify initially for the BFD will be subject to the regulatory "Wait List" determination process. *Id.*

36. As Plaintiffs' cases demonstrate, processing times for "Bona Fide Determinations" and/or "Waitlist" placement continue to span several years, and USCIS's public declaration of intent to shorten wait times through creation of the BFD program has

---

[3] It is important to note that most U visa petitioners whose cases have not yet been reviewed for a Bona Fide Determination or placement on the Waitlist, including Plaintiffs, are not eligible for any benefit from USCIS – they do not have work authorization or a social security number, cannot obtain a driver's license in most states (including Texas), and cannot show any evidence of lawful status in the United States. Without proof of lawful status, they remain exposed to detention by police as well as by the Department of Homeland Security at any time.

made no discernable difference in terms of Plaintiffs' receipt of any benefit from Defendants. Plaintiffs cooperated with law enforcement authorities in the reporting, investigation, and prosecution of the crimes against them, obtained their biometric criminal background checks, and complied with all filing deadlines and requirements to be approved for U nonimmigrant status. Nonetheless, they continue to wait multiple years for Defendants to issue their work authorization documents via Defendants' "Wait List" or "Bona Fide Determination" process, in violation of their right to have their applications and petitions adjudicated in a reasonable time.

**B.     The U Visa Administrative Process**

1. To petition for U non-immigrant status, a petitioner must obtain a certification from a law enforcement official confirming that they were the victim of a crime, the crime was recognized crime as one that qualifies for a U visa, and that the applicant was, is being, or is likely to be helpful in the investigation or prosecution of the criminal activity. USCIS has prescribed that law enforcement officials make this certification on a particular form called the USCIS Form I-918 Supplement B, U Nonimmigrant Status Certification.  *See* 8 C.F.R. § 214.14(a)(12).

2. Under the recently published "Bona Fide Determination" framework, USCIS makes a completeness check after receipt of a U visa petition to verify that all required initial evidence is present and duly completed, including:

    a.    Form I-918, Petition for U Nonimmigrant Status;

    b.    Form I-918, Supplement B, U Nonimmigrant Status Certification, with original signature;

    c.    Form I-192, Application for Advance Permission to Enter as

>> Nonimmigrant, if there are any inadmissibility issues; and
>>
>> d.   A personal statement describing the criminal activity of which the applicant was a victim and the harm to the petitioner caused by the crime.
>
> *See* "National Engagement - U Visa and Bona Fide Determination Process - Frequently Asked Questions" *available at* https://www.uscis.gov/records/electronic-reading-room/national-engagement-u-visa-and-bona-fide-determination-process-frequently-asked-questions.

3. Presuming the filing is complete, USCIS issues an I-797 Receipt Notice confirming that the petition and accompanying applications are in queue for adjudication and follows immediately with a notice of appointment for the petitioner and qualifying family members between the ages of 14 and 79 to have biometric criminal background checks at a local USCIS Application Support Center, or a notice that no biometrics appointment is required. *Id.* [4]

4. Once criminal background checks are complete, if USCIS determines that the petitioner has no adverse factors such as criminal or serious immigration violations warranting a negative discretionary determination, USCIS then notifies the petitioner that their U nonimmigrant status case has been determined to be "Bona Fide" and that they have been granted deferred action. If the petitioner has already submitted an application for an employment authorization document on Form I-765 under 8 C.F.R. 274a.12 (a)(19), (a)(20), or (c)(14), then USCIS immediately adjudicates and issues the petitioner an EAD with a four-year validity period. *Id.*

5. If, during the initial review of a U visa petition, questions arise for USCIS regarding

---

[4] Incomplete filings are immediately rejected and returned to petitioners or their attorneys with instructions for re-filing.

the appropriate exercise of discretion on behalf of a petitioner due to adverse factors that may exist in their criminal or immigration record, USCIS then issues a "Request for Evidence" (RFE), outlining the adverse factors and asking the petitioner to respond and to provide evidence that they warrant positive discretion in spite of the adverse factors. *Id.* If a petitioner is able to overcome USCIS's concerns and convince the agency that positive discretion is warranted in their case, then USCIS will place petitioner's case on the U visa "Waitlist" and issue a notice of Deferred Action and a corollary employment authorization document, presuming one was requested. *Id.*

6. As visas become available subject to the 10,000 annual statutory cap, USCIS eventually fully adjudicates each petition and the accompanying applications. USCIS then issues a decision by either according or denying U-nonimmigrant status to each principal petitioner and their qualifying family members, and also issues decisions on applications for waivers and employment authorization documents, if any, which were requested concurrently with the U visa. *Id.*; s*ee also Solis v. Cissna*, Civil Action No: 9:18-00083-MBS (D.S.C. Jul. 11, 2019).

7. Currently, the published USCIS processing times for Form I-918 Petition for U Nonimmigrant Status is 60 months. *See* USCIS Published Processing Times for Form I-918 at **https://egov.uscis.gov/processing-times/.** It is not clear from uscis.gov whether this published processing time frame relates to Bona Fide Determinations, Wait List Placement, or statutorily capped U visa approvals.

### VII. CLAIMS FOR RELIEF

a. **Count I Unreasonable Delay in Agency Action 5 U.S.C. § 555(b)**

8. All previous paragraphs are fully set forth herein.

9. Defendants have a nondiscretionary statutory obligation to process the petitions for Plaintiffs for U nonimmigrant status, adjudicate Employment Authorization Documents, and administer bona fide determinations or waitlist placement within a reasonable time. *See* 5 U.S.C. § 555(b).

10. The Defendants' delay of more than two years with no action on pending petitions is unreasonable and therefore violates 5 U.S.C. § 555(b).

b. **Count II Mandamus 28 U.S.C. § 1361**

11. All previous paragraphs are incorporated as though fully set forth herein.

12. The Mandamus Act, 28 U.S.C. § 1361, grants authority to courts to compel defendants to perform a duty owed to plaintiff.

13. The Defendants have a non-discretionary, ministerial obligation to place all eligible petitions for U nonimmigrant status on the waitlist and issue deferred action and adjudicate corresponding applications for EADs within a reasonable time, pursuant to 8 C.F.R. § 214.14(d)(2).

14. The Defendants' failure to perform this duty for two or more years violates the INA and accompanying regulation, and warrants a mandate from this Court to perform their required duties.

c. **Count III Unreasonable Delay in Agency Action: Deferred Action and Work Authorization Under 8 USC §1184(p)(6)**

15. All previous paragraphs are incorporated as though fully set forth herein.

16. Under 8 USC §1184(p)(6) and Defendant USCIS's implementing "Bona Fide

Determination" program, the Defendants have an obligation to issue, within a reasonable time, work authorization for individuals who have presented bona fide petitions for U nonimmigrant status.

17. The Defendants have failed to issue work authorization for Plaintiff for more than two years. They have refused to adjudicate applications for work authorization submitted pursuant to 8 USC §1184(p)(6).

18. The Defendants' failure to issue work authorization to Plaintiff violates 8 USC §1184 (p)(6) and 5 U.S.C. § 555(b).

C. **REQUESTED RELIEF**

19. Plaintiffs request this Court grant relief against Defendants as follows:

    a. Declare that Defendants have a duty to issue a Bona Fide Determination or place Plaintiffs on the waiting list for U nonimmigrant status and grant plaintiffs deferred action within a reasonable time;

    b. Order Defendants to comply with 8 C.F.R. § 214.14(d)(2) and place Plaintiffs on the U Visa waitlist or to follow their own internal guidance and issue Plaintiffs "Bona Fide Determinations" or waiting list placement;

    c. Order Defendants to adjudicate Plaintiff's EAD applications pursuant to 8 C.F.R. 274a.12(c)(14);

    d. Order Defendants to adjudicate the Plaintiff's EAD applications pursuant to 8 USC § 1184(p)(6);

    e. Award Plaintiffs reasonable attorneys' fees and costs for this litigation pursuant to 28 U.S.C. § 2412; and

    f. Award all other relief to Plaintiffs that it deems just, equitable, and proper.

Respectfully submitted,

By: /s/ Jennifer Walker Gates
Jennifer Walker Gates
Texas Bar No. 24051483
Email: jennifer@jlw.law

JLW Immigration Law Group
P.O. Box 202050
Austin, Texas 78759
Tel: 512-633-1785
Fax: 512-615-3366


ATTORNEY FOR
    PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on April 12, 2024 I filed a copy of the preceding complaint electronically on CM/ECF.

/s/ Jennifer Walker Gates
Jennifer Walker Gates